# GIBSON DUNN

Karl G. Nelson
Partner
T: +1 214.698.3203
M: +1 214.929.9895
knelson@gibsondunn.com

July 21, 2025

<u>VIA ECF</u>

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

Re:    Unopposed Letter-Motion Requesting Stay of Briefing on Pending Motion to Dismiss,
       *Marsh USA LLC v. Aon Risk Servs. Cos., et al.*, Case No. 1:25-cv-3241-JAV-HJR

Dear Judge Vargas:

Defendants' motion to dismiss Plaintiff's amended complaint is pending before the Court, *see* Dkt. 39, and Plaintiff's opposition is currently due on July 25, 2025, *see* S.D.N.Y. Local R. 6.1(b). On July 21, 2025, Plaintiff filed a notice of intent to amend the operative complaint pursuant to Court Rule 5(I)(i). *See* Dkt. 52. Defendants consent to Plaintiff's filing of a second amended complaint and are unopposed to a stay in briefing deadlines in light of such amendment.[1] For these reasons, as well as those discussed below, Plaintiff respectfully requests a stay in briefing on Defendants' motion to dismiss until after Plaintiff files a second amended complaint and Defendants indicate their election either to respond to the amended complaint or to proceed with their currently-pending motion. *See* Court Rules 3(e), 5(I)(ii).

The Court should grant the stay for three reasons.

*First*, good cause exists because a stay would conserve both parties' resources and contribute to efficient case management by avoiding unnecessary and duplicative briefing. Plaintiff's second amended complaint—to which Defendants consent and to which Plaintiff intends to file pursuant to Federal Rule of Civil Procedure 15(a)(2)—will narrow and moot various points raised by Defendants in the motion to dismiss. *See* Court Rule 5(I)(ii). Whether Defendants elect to respond anew to the second amended complaint or to continue to pursue their pending motion, a stay will promote efficiency by narrowing the focus of subsequent briefing to those arguments relevant to the second amended complaint, thereby avoiding unnecessary or supplemental briefing.

*Second*, this request is not being made for the purpose of delay, and no party will be prejudiced by it. The absence of prejudice is further underscored by Defendants' lack of opposition

---

[1] Defendants expressly reserve their rights set forth in Court Rule 5(I)(ii), and the parties agree that Defendants' consent to Plaintiff's request to stay briefing on Defendants' motion to dismiss does not impact Defendants' right to respond to the second amended complaint as set forth in Court Rule 5(I)(ii).

# GIBSON DUNN

July 21, 2025
Page 2

to the stay.  Additionally, Plaintiff has not previously requested an extension or stay.  The Court has not yet entered a scheduling order in this case and the parties have no appearances before the Court scheduled, so no other deadlines will be impacted by the Court's grant of a stay.

  *Third*, courts in this Circuit have previously stayed briefing on a motion to dismiss in similar circumstances.  *See, e.g.*, *Sherwin K. Parikh, M.D., P.C. v. Accessible, Inc.*, 2025 WL 1637594, at *1 (S.D.N.Y. June 9, 2025) ("In light of [Plaintiffs'] motion to amend . . . the Court stayed briefing on [Defendant's] motion to dismiss"); *Zappin v. Doyle*, 2018 WL 2376502, at *3 (S.D.N.Y. Apr. 10, 2018) (similar); *Wilson v. City of New York*, 2019 WL 4248470, at *1 n.1 (E.D.N.Y. July 11, 2019) (similar); *Brown v. County of Nassau*, 2016 WL 4995283, at *2 (E.D.N.Y. Sept. 19, 2016) (similar).

  For these reasons, Plaintiff respectfully requests that the Court grant the unopposed stay and thanks Your Honor for consideration of this request.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

Karl G. Nelson

KGN