**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2026

Marsh USA LLC,

                        Plaintiff,

        -against-

Aon Risk Services Companies, Inc., Robert
McDonough, and Danny Hall,

                        Defendants.

25-cv-3241 (JAV) (HJR)

**PROTECTIVE ORDER**

        WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

        WHEREAS, the Parties, through counsel, agree to the following terms;

        WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

        WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

        WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

        **IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order shall not disclose such "Confidential" Discovery Material or "Highly Confidential – Attorneys' Eyes Only" Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential documents, communications, testimony, tangible things, or other materials (regardless of how they are generated, stored, or maintained) which the person reasonably believes contains non-public, confidential, or proprietary information that requires the protections provided in this Protective Order (the "Confidential Discovery Material"). Confidential Discovery Material may include, but is not limited to, the following:

   (a) previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) previously non-disclosed material relating to ownership or control of any nonpublic company;

   (c) previously non-disclosed business plans, product development information, or marketing plans;

   (d) any information of a personal or intimate nature regarding any individual; and

   (e) any category of information given Confidential status by the Court.

2

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only documents, communications, testimony, tangible things, or other materials (regardless of how they are generated, stored, or maintained) only if the producing person reasonably believes such information contains proprietary financial, technical, competitive, or commercially sensitive information (including without limitation trade secrets, information reflecting recent, current, or future business and marketing plans and activities, information reflecting recent, current, or future research and development activities, and financial valuations), that the producing person maintains as highly confidential in its business, which the producing person reasonably believes contains non-public financial or other commercially sensitive information, where, even under the restricted terms and conditions applicable to Discovery Material designated as Confidential Discovery Material, disclosure is substantially likely to cause financial, competitive, or other business disadvantage or other harm to the competitive business or commercial position of the producing person, or would provide the receiving person financial, competitive, or other business advantage (the "Highly Confidential — Attorneys' Eyes Only Discovery Material"). Where appropriate, this designation may also include information obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA") or other contractual provision, unless the non-party permits a different designation in writing.

4. With respect to documents containing Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only by: (a) affixing the legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only" to the document containing any Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material; and (b) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-ROM, flash drive, DVD).

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential information or Highly Confidential – Attorneys' Eyes Only information, in which case the

reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only.  The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

6.  With respect to any other Discovery Material, a producing person or that person's counsel may designate Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material by written notice to the non-producing person or that person's counsel that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material.

7.  If at any time prior to the trial of this action, a producing person realizes that Discovery Material previously produced by the producing person without limitation should be designated Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated Discovery Material will be deemed to be, and treated as, Confidential or Highly Confidential — Attorneys' Eyes Only Discovery Material under the terms of this Protective Order.  The party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material.  In addition, upon receiving such supplemental written notice, any receiving party that disclosed the Discovery Material prior to its designation as Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery

4

Material shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in this Protective Order.

8. Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) preventing a Party from agreeing in writing to alter or waive the provisions of protections provided herein with respect to any particular Discovery Material.

9. Where a producing person has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

> (a) the Parties to this action and the employees of the Parties to this action who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the action for use in accordance with this Protective Order, the Parties' insurers, and counsel to the Parties' insurers;

> (b) outside counsel retained specifically for this action, in-house counsel of the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees of such counsel who are assisting with the action for use in accordance with this Protective Order;

> (c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system for use in accordance with this Protective Order, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

5

(d) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(f) any witness or deponent who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto, and only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

(g) any person retained by a Party to serve as an Expert[1] or otherwise provide specialized advice to counsel in connection with this action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts (including outside copying services and outside support services) who are assisting with the action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) Any other person, for use in accordance with this Protective Order, only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the

---

[1] "Expert" as used throughout this Protective Order, is defined to mean a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who have been retained by a Party or its counsel to serve as an expert witness or a consultant in this action. To serve as an expert witness or a consultant in this Action who receives or is anticipated to receive Discovery Material designated as Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material (designated or anticipated to be designated as such by an opposing Party) or compilations/summaries thereof, a person may not be (i) a current or recent employee of Marsh USA LLC, or related entities or subsidiaries, meaning anyone who has worked for such an entity since January 1, 2020; (ii) a current or recent employee of Aon Risk Services Companies, Inc., or related entities or subsidiaries, meaning anyone who has worked for such an entity since January 1, 2020; or (iii) an individual who, at the time of retention or at any point thereafter, is anticipated to become an employee of any Party.

record by, the producing party who provided the Discovery Material being disclosed, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto.

10. Where a producing person has designated Discovery Material Highly Confidential — Attorneys' Eyes Only, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

    (a) outside counsel retained specifically for this action, in-house counsel of the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees of such counsel who are assisting with the action for use in accordance with this Protective Order;

    (b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system for use in accordance with this Protective Order, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    (c) any third party reviewing these documents, including Experts assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such Experts (including outside copying services and outside support services) who are assisting with the action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    (d) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    (e) any witness or deponent who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto, and only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) this Court, including any appellate court, and the court reporters and support personnel for the same;

(h) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing party who provided the Discovery Material being disclosed, provided that such person has first executed a Non-Disclosure Agreement in the form attached hereto; and

(i) Defendants Robert McDonough ("McDonough") and Danny Hall ("Hall"), provided that McDonough and Hall have first executed a Non-Disclosure Agreement in the form attached hereto, and only in hard copy in the presence of counsel or electronically via shared screen in the presence of counsel; provided, however, that counsel for McDonough and Hall may, as necessary and at any time during this action, communicate to Plaintiff's counsel regarding proposed amendments to the limitations described above.

11. Before disclosing any Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material to any person referenced in subparagraphs 9(c), 9(d), 9(e), 9(f), 9(g), 9(j), 10(b), 10(c), 10(d), 10(e), 10(h), and 10(i) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it.   Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. In addition to the foregoing subparagraphs 9(g) and 10(c), the following procedure shall be followed before disclosure of Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material to an Expert:

(a) Prior to the disclosure of Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material to any Expert in relation to this action, outside counsel for a Party shall provide written notice to outside counsel for the producing Party designating Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material

of the intention to make such disclosure.  That notice shall include the name, address, position, and current curriculum vitae of the Expert.  That notice shall further include a list of all proceedings in which the Expert has testified by deposition or at hearing or trial and all companies for which the Expert has consulted or worked during the last five (5) years.

(b) If the producing Party designating Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material does not object in writing to the proposed disclosure within ten (10) business days of receipt of the written notice, the producing Party designating Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material shall be deemed to have waived objection to the disclosure, and its agreement to disclosure shall be assumed.  If the producing Party designating Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material objects in writing to the proposed disclosure within ten (10) business days of receipt of the written notice, the producing Party designating Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material shall, within five (5) business days of its objection, file a motion to prevent such disclosure.  During the pendency of any such objection, no Discovery Material designated as Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material may be shared with the Expert.

13. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.

14. Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.   If the Parties cannot reach agreement on the dispute within five (5) business days after the objection is raised, counsel for all Parties

shall address their dispute to the Court in accordance with Judge Ricardo's Individual Rules and Practices for Civil Cases.  While such a dispute is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material pursuant to this Protective Order.  The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential or Highly Confidential — Attorneys' Eyes Only.

15. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court.   If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

16. Recipients of Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

17. Nothing herein will prevent any person subject to this Protective Order from producing any Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request or process shall provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 business days before any

disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material (a "Filing Under Seal") must be filed "under seal" (by the filing party) pursuant to the procedures, as applicable, set forth in Federal Rule of Civil Procedure 5.2; Judge Ricardo's Individual Rules & Practices for Civil Cases; ECF/CM requirements; and any scheduling order entered by the Court in this action.

19. Each person who has access to Discovery Material that has been designated Confidential or Highly Confidential — Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

22. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

23. Within five (5) business days of the certification that such

11

Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

24. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

25. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

26. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated Confidential, Highly Confidential — Attorneys' Eyes Only, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, Highly Confidential — Attorneys' Eyes Only Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, Highly Confidential — Attorneys' Eyes Only Discovery Material, and all copies thereof, by submitting a written certification to the producing party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material remain subject to this Protective Order.

27. In the event additional Parties join or are joined in this Action, they shall not have access to Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material until the newly

joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

28. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

29. Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential — Attorneys' Eyes Only Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

30. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Protective Order.

31. The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure 26(c), for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order.

32. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


| /s/ Karl G. Nelson | /s/ Jeanah Park |
| --- | --- |
| Karl G. Nelson | Jeanah Park |
| Counsel for Plaintiff | Counsel for Defendants[2] |
| Dated: 04/30/2026 | Dated: 04/30/2026 |

---

[2] *Pursuant to Section 8.5 of the SDNY Electronic Filing Rules and Instructions, e-signatures are being used on consent of all parties.*

SO ORDERED.

Dated: May 1, 2026

New York, New York

HENRY J. RICARDO
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| <u>Marsh USA LLC</u>,<br><br>        Plaintiff,<br><br>   -against-<br><br><u>Aon Risk Services Companies, Inc., Robert McDonough, and Danny Hall</u>,<br><br>        Defendants. | <u>25-cv-3241</u> (JAV) (HJR)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." I agree that I will not disclose such Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____      _____