# GIBSON DUNN

Karl G. Nelson
Partner
T: +1 214.698.3203
M: +1 214.929.9895
knelson@gibsondunn.com

June 2, 2026

VIA ECF

Hon. Henry J. Ricardo
United States District Court
Southern District of New York
500 Pearl Street, Room 21D
New York, NY 10007
RicardoNYSDChambers@nysd.uscourts.gov

Re:    Joint Status Update
       *Marsh USA LLC v. Aon Risk Servs. Cos., Inc., et al.*, Case No. 1:25-cv-3241-JAV-HJR

Dear Judge Ricardo:

Plaintiff Marsh USA LLC ("Marsh" or "Plaintiff") and Defendants Aon Risk Services Companies, Inc., Robert McDonough, and Danny Hall (collectively, "Defendants") jointly submit this status letter pursuant to the Court's Case Management Plan and Scheduling Order dated March 4, 2026 (Dkt. No. 80).

The parties are currently engaged in discovery. On April 2, the parties exchanged initial requests for production and interrogatories. The parties exchanged responses and objections to those initial requests in early May. The parties have not yet produced documents in response to those initial requests for production. The parties are working to resolve issues related to these discovery requests without the Court's intervention and will promptly seek the Court's assistance if they are unable to do so.

On April 30, the parties submitted their Initial Exchanges under Section IV of the Agreed ESI Protocol (Dkt. No. 85). Defendants submitted a revised version of their Initial Exchanges on May 6. On May 19, the parties met and conferred regarding issues concerning those Initial ESI Exchanges. The parties are working to resolve issues related to the Initial ESI Exchanges without the Court's intervention and will promptly seek the Court's assistance if they are unable to do so.

On May 27, the parties submitted a joint letter-motion requesting certain extensions to the case schedule, which your Honor granted on May 28 (Dkt. No. 89). The parties are scheduled to mediate this case with mediator David Ichel on July 30, pursuant to the revised scheduling order. *See id.*

The parties will coordinate regarding the scheduling of depositions as document discovery progresses, consistent with the Court's scheduling order. *See* Dkt. Nos. 80, 89.

**Gibson, Dunn & Crutcher LLP**

2001 Ross Avenue Suite 2100  |  Dallas, TX 75201-2923  |  T: 214.698.3100  |  F: 214.571.2900  |  gibsondunn.com

# GIBSON DUNN

June 2, 2026
Page 2

Finally, Defendants' partial motion to dismiss Plaintiff's Second Amended Complaint (Dkt. Nos. 59–62) remains pending before District Judge Vargas.  Currently, there are no other pending motions or disputes requiring the Court's attention.

*        *        *

The parties would like to raise with the Court one existing dispute: whether interim discovery deadlines should be instituted in advance of the July 30 mediation.

**<u>Plaintiff's Position on Interim Discovery Deadlines</u>**:

Despite Plaintiff's repeated efforts to advance discovery, discovery is not progressing with the diligence that this case requires—particularly given the upcoming mediation on July 30. Without substantial document productions in hand before that date, the mediation cannot be a meaningful, good-faith settlement discussion.

Plaintiff seeks a deadline for the parties to begin and complete document productions under the parties' ESI Protocol.  The ESI Protocol does not include any such deadlines.  The parties' deadline to exchange a list of key custodians, search terms and other information under the ESI Protocol ("ESI Initial Exchange") was on April 30.  On May 1, Plaintiff requested a meet and confer to discuss Defendants' ESI Initial Exchange.  Defendants did not provide availability for a meet and confer until on or after May 18, after repeated requests, and the parties ultimately conferred on May 19 regarding ESI exchanges.  Since that conference, Plaintiff has followed up regarding both the agreements reached during the conference and proposed deadlines for ESI document exchange.  Defendants have not yet provided any information agreed to during the meet and confer or stated when they will be able to provide this information.  Defendants also have—without any explanation—refused to agree to any deadline for ESI document exchanges.

Given that the ESI Initial Exchange was due three months before the July 30 mediation, there has been ample time for the parties to run search terms and produce responsive ESI documents in advance of mediation.  Plaintiff proposes a June 12 deadline to commence rolling productions and a July 10 deadline to complete them pursuant to the Agreed ESI Protocol.

Similarly, with respect to the April 2 initial requests for production served nearly four months prior to mediation, Plaintiff proposes the parties should produce documents responsive to those requests by July 24.

If Defendants agree to the interim discovery deadlines proposed above, Plaintiff will agree, per Defendants' request, for each side to identify up to five existing requests for production for expedited response by June 5, with responsive documents produced by June 26.  Plaintiff's agreement is conditioned on the other interim discovery deadlines discussed above because,

# GIBSON DUNN

June 2, 2026
Page 3

without them, there is a risk that broader document production efforts will continue to be delayed and extend beyond the July 30 mediation.

**<u>Defendants' Position on Interim Discovery Deadlines</u>**:

Defendants reject Plaintiff's implication that they have not been diligent in engaging in discovery or that they have not otherwise complied with their discovery obligations. Defendants wish to clarify the steps taken by the parties in connection with the ESI Protocol. The original deadline for the ESI Initial Exchange was April 27. Plaintiff requested an extension until April 30, and Defendants consented. Under the ESI Protocol, the parties had 21 days following the ESI Initial Exchange to meet and confer. On May 1, Plaintiff requested a meet and confer to discuss Defendants' ESI Initial Exchange. On May 8, Defendants responded with their available dates for a meet and confer during that 21-day window. The earliest both sides were available to meet and confer was May 19.

Defendants do not agree to Plaintiff's proposed interim discovery deadlines. Less than one week ago, the Court granted a three-month extension of discovery deadlines (ECF No. 89), which extension was initially proposed by Plaintiff. The basis for the requested extension included "allow[ing] the parties to direct resources appropriately in light of the scheduled mediation" (ECF No. 88, at 1). Accordingly, Defendants believe that the parties' efforts should be allocated to a resolution of this action in connection with the upcoming mediation. Defendants intend to continue moving forward with discovery and complying with their discovery obligations (all of which Defendants have satisfied to this date).

To that end, Defendants' position is that the parties should exchange limited information on an expedited basis in advance of the mediation. Defendants propose that each side identify five discrete requests to propound to the other side by June 5, 2026. The parties would then produce documents or information responsive to those expedited requests by June 26, 2026. The parties can select requests from their already-served discovery requests and/or identify new requests. These expedited requests would not be counted against any discovery limits. Responding to these expedited requests will not delay or otherwise affect the parties' efforts to complete other discovery in this case, including ESI document productions and document productions responsive to other requests for production. Rather, the expedited requests will be directed towards key issues that will facilitate a resolution of this action at the upcoming mediation.

\*    \*    \*

The parties are available to answer any questions the Court may have.

# GIBSON DUNN

June 2, 2026
Page 4

Respectfully submitted,

| **GIBSON, DUNN & CRUTCHER LLP** | **VEDDER PRICE P.C.** |
|---|---|
| By: /s/ *Karl G. Nelson* | By: */s/ Jeanah Park* |
| Karl G. Nelson | Jeanah Park[1] |
| | |
| Counsel for Plaintiff | Counsel for Defendants |

---

[1]   *Pursuant to Section 8.5 of the SDNY Electronic Filing Rules and Instructions, e-signatures are being used on consent of all parties.*